APPEAL,CLOSED,JURY,TYPE−K

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:22−cv−00812−TNM
### *Internal Use Only*

MOHAMED v. GEORGE WASHINGTON UNIVERSITY et al
Assigned to: Judge Trevor N. McFadden
Case in other court:  Superior Court for the District of Columbia, 2021ca004133B
Cause: 28:1331 Fed. Question

Date Filed: 03/24/2022
Date Terminated: 09/22/2023
Jury Demand: Plaintiff
Nature of Suit: 751 Family and Medical Leave Act
Jurisdiction: Federal Question

**Plaintiff**

**ABDULKADIR MOHAMED**   represented by   **David A. Branch**
LAW OFFICES OF DAVID A. BRANCH & ASSOCIATES, PLLC
1828 L Street, NW
Suite 820
Washington, DC 20036
(202) 785−2805
Fax: (202) 785−0289
Email: davidbranch@dbranchlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**GEORGE WASHINGTON UNIVERSITY**   represented by   **Christine M. Costantino**
SEYFARTH SHAW, LLP
975 F Street, NW
Washington, DC 20004
(202) 828−5347
Fax: (202) 828−5393
Email: ccostantino@seyfarth.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raymond C. Baldwin**
SEYFARTH SHAW, LLP
975 F Street, NW
Washington, DC 20004
(202) 463−2400
Fax: (202) 828−5393
Email: rbaldwin@seyfarth.com
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **LINCOLN NATIONAL CORPORATION** *doing business as* LINCOLN NATIONAL LIFE INSURANCE COMPANY *doing business as* LINCOLN FINANCIAL GROUP *formerly known as* LIBERTY LIFE ASSURANCE COMPANY OF BOSTON *also known as* LEAVE SERVICES | represented by | **Christine M. Costantino** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* **Raymond C. Baldwin** (See above for address) *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 03/24/2022 | 1 | NOTICE OF REMOVAL from Superior Court for the District of Columbia, case number 2021ca004133B Filing fee $ 402, receipt number ADCDC−9124406 filed by GEORGE WASHINGTON UNIVERSITY, LINCOLN NATIONAL CORPORATION. (Attachments: # 1 Exhibit 1, # 2 Superior Court Documents, # 3 Exhibit 3, # 4 Civil Cover Sheet)(Baldwin, Raymond) (Entered: 03/24/2022) |
| 03/24/2022 | 2 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by GEORGE WASHINGTON UNIVERSITY (Baldwin, Raymond) (Entered: 03/24/2022) |
| 03/24/2022 | 3 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by LINCOLN NATIONAL CORPORATION (Baldwin, Raymond) (Entered: 03/24/2022) |
| 03/29/2022 | | NOTICE OF ERROR re 1 Notice of Removal; emailed to rbaldwin@seyfarth.com, cc'd 8 associated attorneys −− The PDF file you docketed contained errors: 1. Noncompliance with LCvR 5.1(c). Please file an errata correcting the initiating pleading to include the name & full residence address of each party using the event Errata., 2. **COMPLIANCE DEADLINE is by close of business today. This case will not proceed any further until all errors are satisfied.** (zmh, ) (Entered: 03/29/2022) |
| 03/29/2022 | 4 | ERRATA by GEORGE WASHINGTON UNIVERSITY, LINCOLN NATIONAL CORPORATION re Notice of QC− New Case,. (Attachments: # 1 Exhibit A)(Baldwin, Raymond) (Entered: 03/29/2022) |
| 03/30/2022 | | Case Assigned to Judge Richard J. Leon. (zmh) (Entered: 03/30/2022) |
| 03/30/2022 | 5 | NOTICE to Counsel/Party (zmh) (Additional attachment(s) added on 3/30/2022: # 1 Notice and Consent) (zmh). (Entered: 03/30/2022) |
| 03/30/2022 | 6 | Case randomly reassigned to Judge Trevor N. McFadden. Judge Richard J. Leon is no longer assigned to the case. (rj) (Entered: 03/30/2022) |
| 03/30/2022 | 7 | STANDING ORDER Establishing Procedures for Cases Before Judge Trevor N. McFadden. The parties are hereby ORDERED to read and comply with the directives in the attached standing order. Signed by Judge Trevor N. McFadden on 3/30/2022. (lctnm1) (Entered: 03/30/2022) |
| 03/30/2022 | 8 | |

| | | |
|---|---|---|
| | | NOTICE of Appearance by Christine M. Costantino on behalf of GEORGE WASHINGTON UNIVERSITY, LINCOLN NATIONAL CORPORATION (Costantino, Christine) (Entered: 03/30/2022) |
| 03/31/2022 | 9 | MOTION to Dismiss by GEORGE WASHINGTON UNIVERSITY, LINCOLN NATIONAL CORPORATION. (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Exhibit 2)(Baldwin, Raymond) (Entered: 03/31/2022) |
| 04/04/2022 | 10 | Receipt on 4/3/2022 of ORIGINAL FILE, certified copy of transfer order and docket sheet from Superior Court. Superior Court Number 2021 CA 004133 B. (zeg) (Entered: 04/07/2022) |
| 04/13/2022 | 11 | MOTION for Extension of Time to File Response/Reply as to 9 MOTION to Dismiss by ABDULKADIR MOHAMED. (Attachments: # 1 Text of Proposed Order)(Branch, David) (Entered: 04/13/2022) |
| 04/14/2022 | | MINUTE ORDER granting the 11 Motion for Extension of Time. The Plaintiffs response to the 9 Motion to Dismiss shall be due on or before April 21, 2022. The Defendants reply, if any, shall be due on April 28, 2022. The parties are admonished to seek any further requests for extension at least four days in advance of the first affected deadline or hearing. See TNM Standing Order 3. Further requests for extension will be disfavored. SO ORDERED. Signed by Judge Trevor N. McFadden on 4/14/2022. (lctnm1) Modified on 4/14/2022 to edit dates (hmc). (Entered: 04/14/2022) |
| 04/14/2022 | | Set/Reset Deadlines: Response due by 4/21/2022. Reply due by 4/28/2022. (hmc) (Entered: 04/14/2022) |
| 04/14/2022 | | RESOLVED.....NOTICE of Provisional Status re 11 MOTION for Extension of Time to File Response/Reply by ABDULKADIR MOHAMED. (Branch, David).<br><br>Your attorney renewal has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney−renewal.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 4/21/2022. (znm) Modified on 4/14/2022 (znm). (Entered: 04/14/2022) |
| 04/21/2022 | 12 | Memorandum in opposition to re 9 MOTION to Dismiss filed by ABDULKADIR MOHAMED. (Branch, David) (Entered: 04/21/2022) |
| 04/28/2022 | 13 | REPLY to opposition to motion re 9 MOTION to Dismiss filed by GEORGE WASHINGTON UNIVERSITY, LINCOLN NATIONAL CORPORATION. (Baldwin, Raymond) (Entered: 04/28/2022) |
| 08/09/2022 | 14 | MEMORANDUM ORDER granting in part the 9 Motion to Dismiss. See attached Order for details. A separate order setting a schedule for further proceedings will issue. Signed by Judge Trevor N. McFadden 8/9/2022. (lctnm1) (Entered: 08/09/2022) |
| 08/09/2022 | 15 | ORDER setting telephonic initial status conference for September 30, 2022 at 11:30 a.m. Defendant GWU's Answer is due on or before September 26, 2022. See attached |

| | | |
|---|---|---|
| | | Order for details. Signed by Judge Trevor N. McFadden on 8/9/2022. (Entered: 08/09/2022) |
| 08/10/2022 | | Set/Reset Hearings: Telephonic Initial Scheduling Conference set for 9/30/2022 at 11:30 AM before Judge Trevor N. McFadden. (hmc) (Entered: 08/10/2022) |
| 09/26/2022 | 16 | ANSWER to Complaint by GEORGE WASHINGTON UNIVERSITY.(Baldwin, Raymond) (Entered: 09/26/2022) |
| 09/27/2022 | 17 | MEET AND CONFER STATEMENT. (Attachments: # 1 Text of Proposed Order)(Baldwin, Raymond) (Entered: 09/27/2022) |
| 09/28/2022 | | NOTICE OF ERROR re 17 Meet and Confer Statement; emailed to rbaldwin@seyfarth.com, cc'd 12 associated attorneys −− The PDF file you docketed contained errors: 1. **Notice of Corrected Docket Entry:** Your entry has been modified as a courtesy. Please note the appropriate reminders for future filings; do not refile document, 2. FYI: DO NOT REFILE. Attorney signature must match login/password in all future fillings. (zed, ) (Entered: 09/28/2022) |
| 09/29/2022 | | NOTICE of Rescheduled Hearing: The parties shall take notice that the Telephonic Initial Scheduling Conference set for 9/30/2022 is rescheduled from 11:30 AM to 1:30 PM before Judge Trevor N. McFadden. (hmc) (Entered: 09/29/2022) |
| 09/30/2022 | | Minute Entry for proceedings held before Judge Trevor N. McFadden: Telephonic Initial Scheduling Conference held on 9/30/2022. Rule 26(a)(1) Disclosures due by 10/14/2022. Amended Pleadings and Joinder of Parties due by 10/28/2022. Proponent's Rule 26(a)(2) due by 11/30/2022. Opponent's Rule 26(a)(2) due by 12/30/2022. Rebuttal Expert Disclosures due by 1/16/2023. Discovery, including expert discovery, due by 1/31/2023. The parties may seek up to 5 fact depositions, 3 experts, make 25 requests for admission, 25 interrogatories, and 25 document requests. Telephonic Post−Discovery Status Conference set for 2/13/2023 at 2:00 PM before Judge Trevor N. McFadden. (Court Reporter: Lisa Edwards.) (hmc) (Entered: 09/30/2022) |
| 01/24/2023 | 18 | Joint MOTION for Extension of Time to Complete Discovery *and* MOTION to Continue *of Post−Discovery Status Conference* by GEORGE WASHINGTON UNIVERSITY. (Attachments: # 1 Text of Proposed Order)(Costantino, Christine). Added MOTION to Continue on 1/24/2023 (zed). (Entered: 01/24/2023) |
| 01/26/2023 | | MINUTE ORDER: The parties' Joint Motion for Extension of Time is Granted. Discovery shall now close on March 31, 2023. The Telephonic Post−Discovery Status Conference set for February 13, 2023, is rescheduled to April 6, 2023, at 4 PM before Judge Trevor N. McFadden. SO ORDERED. Signed by Judge Trevor N. McFadden on 1/26/2023. (lctnm1) (Entered: 01/26/2023) |
| 01/30/2023 | | Set/Reset Deadlines/Hearings: Discovery due by 3/31/2023. Telephonic Post−Discovery Status Conference rescheduled to 4/6/2023 at 4:00 PM before Judge Trevor N. McFadden. (hmc) (Entered: 01/30/2023) |
| 03/20/2023 | | MINUTE ORDER: A Discovery Teleconference is scheduled for March 27, 2023, at 3:30 PM. SO ORDERED. Signed by Judge Trevor N. McFadden on 3/20/2023. (lctnm1) (Entered: 03/20/2023) |
| 03/21/2023 | | Set/Reset Hearings: Telephone Conference set for 3/27/2023 at 3:30 PM before Judge Trevor N. McFadden. (hmc) (Entered: 03/21/2023) |

4

| 03/27/2023 | | Minute Entry for proceedings held before Judge Trevor N. McFadden: Telephone Conference held on 3/27/2023. The plaintiff shall make himself available for a deposition the week of 4/10/2023. Plaintiff's supplemental discovery due by 4/10/2023. All discovery shall close by 4/14/2023. Telephonic Post−Discovery Status Conference rescheduled from 4/6/2023 to 4/18/2023 at 2:00 PM before Judge Trevor N. McFadden. (Court Reporter: Sherry Lindsay.) (hmc) (Entered: 03/27/2023) |
|---|---|---|
| 04/18/2023 | | Minute Entry for proceedings held before Judge Trevor N. McFadden: Telephonic Post−Discovery Status Conference held on 4/18/2023. Defendants' motion for summary judgment due by 5/18/2023. Plaintiff's combined opposition to Plaintiff's motion for summary judgment and cross motion due by 6/15/2023. Defendants' opposition to Plaintiffs' cross motion and reply in support of their motion for summary judgment due by 7/6/2023. Plaintiff's reply in support of its cross motion due by 7/27/2023. (Court Reporter: Lisa Edwards.) (hmc) (Entered: 04/18/2023) |
| 05/18/2023 | 19 | MOTION for Summary Judgment by GEORGE WASHINGTON UNIVERSITY. (Attachments: # 1 Text of Proposed Order, # 2 Memorandum in Support, # 3 Statement of Facts, # 4 Exhibit List, # 5 Exhibit A, # 6 Exhibit B, # 7 Exhibit C, # 8 Exhibit D, # 9 Exhibit E, # 10 Exhibit F, # 11 Exhibit G)(Baldwin, Raymond) (Entered: 05/18/2023) |
| 06/14/2023 | 20 | MOTION for Sanctions by GEORGE WASHINGTON UNIVERSITY. (Attachments: # 1 MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS MOTION FOR SANCTIONS, # 2 Exhibit A, # 3 Exhibit B, # 4 Text of Proposed Order)(Baldwin, Raymond) (Entered: 06/14/2023) |
| 06/15/2023 | 21 | Unopposed MOTION for Extension of Time to File Response/Reply *to the Motion for Summary Judgment* by ABDULKADIR MOHAMED. (Branch, David) (Entered: 06/15/2023) |
| 06/16/2023 | 22 | MOTION for Extension of Time to File Response/Reply *to the Motion for Summary Judgment* by ABDULKADIR MOHAMED. (Branch, David) (Entered: 06/16/2023) |
| 06/16/2023 | | MINUTE ORDER: Plaintiff's 21 Motion for Extension of Time is granted. Plaintiff's combined opposition to Defendants' motion for summary judgment and cross motion due is due by June 16, 2023. Defendants' opposition and reply is due by July 7, 2023. Plaintiff's 22 Motion for extension of time is denied as moot. SO ORDERED. Signed by Judge Trevor N. McFadden on 6/16/2023. (lctnm1) (Entered: 06/16/2023) |
| 06/16/2023 | 23 | Memorandum in opposition to re 19 Motion for Summary Judgment, filed by ABDULKADIR MOHAMED. (Attachments: # 1 Statement of Disputed Facts, # 2 Declaration of Mohamed)(Branch, David) (Entered: 06/16/2023) |
| 06/16/2023 | 25 | Cross−MOTION for Summary Judgment by ABDULKADIR MOHAMED. (See Docket Entry 23 to view document). (zed) (Entered: 06/23/2023) |
| 06/19/2023 | 24 | MOTION for Leave to File *Exhibit* by ABDULKADIR MOHAMED. (Attachments: # 1 Attachment A, # 2 Attachment B)(Branch, David) (Entered: 06/19/2023) |
| 06/20/2023 | | Set/Reset Deadlines: Defendants' opposition and reply due by 7/7/2023. (hmc) (Entered: 06/20/2023) |
| 06/20/2023 | | MINUTE ORDER: Plaintiff's 24 Motion for Leave to File is granted. [24−1] and [24−2] may remain on the docket. SO ORDERED. Signed by Judge Trevor N. McFadden on 6/20/2023. (lctnm1) (Entered: 06/20/2023) |

| | | |
|---|---|---|
| 06/28/2023 | 26 | MOTION for Extension of Time to *File Plaintiff's Opposition to Motion for Sanctions* by ABDULKADIR MOHAMED. (Attachments: # 1 Text of Proposed Order)(Branch, David) (Entered: 06/28/2023) |
| 06/29/2023 | | MINUTE ORDER: Plaintiff's 26 Motion for Extension of Time is granted in part. Plaintiff shall submit his opposition to the motion for sanctions by July 3, 2023. Plaintiff is admonished to read and abide by the Court's Standing Order, which directs that extension requests be filed four days before the first affected deadline. SO ORDERED. Signed by Judge Trevor N. McFadden on 6/29/2023. (lctnm1) (Entered: 06/29/2023) |
| 06/29/2023 | | Set/Reset Deadlines: Plaintiff's opposition to the motion for sanctions due by 7/3/2023. (ztg) (Entered: 06/29/2023) |
| 07/03/2023 | 27 | Memorandum in opposition to re 20 Motion for Sanctions, filed by ABDULKADIR MOHAMED. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D)(Branch, David) (Entered: 07/03/2023) |
| 07/07/2023 | 28 | REPLY to opposition to motion re 19 MOTION for Summary Judgment filed by GEORGE WASHINGTON UNIVERSITY. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Response to Plaintiff's Statement of Facts)(Costantino, Christine) (Entered: 07/07/2023) |
| 07/07/2023 | 29 | Memorandum in opposition to re 25 Motion for Summary Judgment filed by GEORGE WASHINGTON UNIVERSITY. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Response to Plaintiff's Statement of Facts)(Costantino, Christine) (Entered: 07/07/2023) |
| 07/10/2023 | 30 | REPLY to opposition to motion re 20 MOTION for Sanctions *in further support thereof* filed by GEORGE WASHINGTON UNIVERSITY. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Baldwin, Raymond) (Entered: 07/10/2023) |
| 07/27/2023 | 31 | REPLY to opposition to motion re 25 MOTION for Summary Judgment filed by ABDULKADIR MOHAMED. (Branch, David) (Entered: 07/27/2023) |
| 09/15/2023 | 32 | MEMORANDUM ORDER Granting Defendant's 20 Motion for Sanctions. See attached Memorandum Order for details. Signed by Judge Trevor N. McFadden on 9/15/2023. (lctnm1) (Entered: 09/15/2023) |
| 09/22/2023 | 33 | MEMORANDUM OPINION re 19 Motion for Summary Judgment and 25 Cross Motion for Summary Judgment. See attached Opinion for details. Signed by Judge Trevor N. McFadden on 9/22/2023. (lctnm1) (Entered: 09/22/2023) |
| 09/22/2023 | 34 | ORDER granting 19 Motion for Summary Judgment and denying 25 Cross−Motion for Summary Judgment. See attached Order for details. The Clerk of Court shall close this case. Signed by Judge Trevor N. McFadden on 9/22/2023. (lctnm1) (Entered: 09/22/2023) |
| 10/04/2023 | 35 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 32 Memorandum & Opinion by ABDULKADIR MOHAMED. Fee Status: No Fee Paid. Parties have been notified. "Leave to file GRANTED." Signed by Judge Trevor McFadden on 10/4/2023. (mg) (Entered: 10/05/2023) |
| 10/04/2023 | 36 | MOTION for Leave to Appeal in forma pauperis by ABDULKADIR MOHAMED. "Leave to file GRANTED." Signed by Judge Trevor McFadden on 10/4/2023. (mg) (Entered: 10/05/2023) |



# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

333 Constitution Avenue, NW
Washington, DC 20001-2866
Phone: 202-216-7000 | Facsimile: 202-219-8530

Plaintiff: **Abdulkadir Mohamed**

vs.

Civil Action No. **1:22-cv-812-TNM**

Defendant: **George Washington University**

## CIVIL NOTICE OF APPEAL

Notice is hereby given this __2__ day of __October__ 20__23__, that

lead Defendant witness never appeared at deposition, testimonies ommitted and Plaintiff

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the

judgment of this court entered on the __15__ day of __September__, 20__23__, in

favor of Defendant George Washington University

against said Plaintiff Abdulkadir Mohamed

Attorney/Pro Se Party Signature: _[signature]_

Name: Abdulkadir Mohamed

Address: 5415 Connecticutt Avenue # 721

Washington, DC 20015

Telephone: (202) 413-7635

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

USCA Form 13
Rev. June 2017

**RECEIVED**

OCT 2 2023
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABDULKADIR MOHAMED,

            Plaintiff,

            v.

GEORGE WASHINGTON UNIVERSITY, *et al.*,

            Defendants.

Case No. 1:22-cv-812 (TNM)

**MEMORANDUM ORDER**

Parties must follow discovery rules and court orders. When they choose not to, courts may punish them. Such sanctions can help deter that party and others from behaving badly. And they can remedy misconduct.

Here, a man sued his former employer. During discovery, he flouted his obligations and a court order, so his past employer moved for sanctions. Because the man provides no good reason for his blatant misconduct, the Court grants that motion for sanctions: He must pay attorneys' fees and costs caused by his misbehavior. And he is precluded from making various arguments in later proceedings due to his discovery shenanigans.

**I.**

Abdulkadir Mohamed sued his employer, George Washington University, and a benefits administrator under the Family & Medical Leave Act and the Civil Rights Act. *See* Compl. at 1, ECF No. 1-1. In his view, GW had interfered with his rights under the FMLA, retaliated against him, and discriminated against him based on his race. *See generally id.* Last year, the Court dismissed much of Mohamed's case, but let his FMLA claim go forward. *See* Mem. Order at 1,

1

ECF No. 14.  Both sides have now moved for summary judgment.  *See* Mots. for Summ. J., ECF Nos. 19, 25.  Plus, GW asks the Court to sanction Mohamed for flouting various discovery obligations and a court order.  *See* Mem. in Supp. of Sanctions (Mot.), ECF No. 20-1.  The Court addresses GW's sanctions motion here and will handle summary judgment later.

## II.

Rule 37 allows district courts to sanction parties that misbehave during discovery.  For instance, a court may "issue . . . just orders" when a party refuses to obey a discovery order.  Fed. R. Civ. P. 37(b)(2)(A).  And a court may sanction a party who "fails to provide information . . . unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).

District courts also have inherent power to sanction unruly parties.  Courts may use that power to "protect their integrity and prevent abuses of the judicial process."  *Shepherd v. Am. Broad. Cos., Inc.*, 62 F.3d 1469, 1474 (D.C. Cir. 1995).  And their options "include fines, awards of attorneys' fees and expenses, contempt citations, disqualifications or suspensions of counsel, and drawing adverse evidentiary inferences or precluding the admission of evidence."  *Id.* at 1475.  That power "must be exercised with restraint and discretion."  *Id.* (cleaned up).

When considering whether to impose a sanction, a "district court may consider the resulting prejudice to the other party, any prejudice to the judicial system, and the need to deter similar misconduct in the future."  *Klayman v. Jud. Watch, Inc.*, 6 F.4th 1301, 1312 (D.C. Cir. 2021) (cleaned up).  And when a district court has decided to impose sanctions, its choice of which one "should be guided by the concept of proportionality."  *Id.* (cleaned up).

## III.

Mohamed has behaved poorly, and his misconduct warrants sanctions.

**A.**

GW offers a laundry list of complaints about Mohamed's discovery misconduct. Those can be divided into two main categories.

*1. Inadequate discovery responses.* To start, Mohamed refused to provide basic discovery. For instance, when asked in an interrogatory about his recent work history, Mohamed responded: "Objection. Plaintiff herein disagrees with disclosure of post and or current status of employment." Mot. at 2–3. Why did Mohamed disagree with this relevant question? He did not say. Or take Mohamed's response to a request for production of documents related to his post-GW job search. He again objected: "Plaintiff hereby reserves the right to privacy." *Id.* at 4. Why he has a "right to privacy" in his "resumes, emails," or "letters to and from prospective employers" against the opposing party in a lawsuit, Mohamed again did not say. *Id.* In any event, plaintiffs should recognize that by filing suit, they open themselves up to scrutiny, just as they will seek to scrutinize defendants. Those who want to avoid such nuisances should think twice before suing.

Mohamed also lodged nonsensical objections to reasonable discovery requests aimed at the heart of his claims. Mohamed asked to take FMLA leave to care for his ailing father in Italy. Yet he waited over a month after taking his leave to actually travel there. And when he was asked to provide any *documents* about what he had done in the month before setting off for Italy, he responded with this: "Objection. Plaintiff made preparations for travel to attend his father. Being of limited income, relying on his salary from Defendant, Plaintiff traveled to Italy when it was feasible." Declaration of Christine M. Constantino (Constantino Decl.), Ex. 2, ECF No. 20-2. That is no basis for objecting to discovery.

3

Irked, GW asked Mohamed to supplement his lacking responses. *See* Const. Decl. ¶ 7. After more than two weeks of radio silence from Mohamed, GW asked the Court to schedule a discovery teleconference. *See id.* ¶ 9. The Court then ordered that Mohamed supplement his discovery responses by April 10, 2023, and extended discovery another two weeks to April 14. *See* Min. Entry (March 27, 2023).

*2. Flouting the Court's order*. Mohamed ignored the Court's order and provided nothing by April 10. *See* Constantino Decl. ¶ 12. At his deposition two days later, Mohamed suggested that he did not believe that he needed to supplement by April 10: "We have a grace period here." Mot. at 7. And when reminded that he had been ordered to supplement by April 10, he responded, "Okay. April 10th. Okay. Well, but the grace period goes through the 16th. So I don't believe I'm late in that regard." *Id.* He was late, though. *See* Min. Entry (March 27, 2023) (memorializing Order as "Plaintiff's supplemental discovery due by 4/10/2023."). There was no "grace period."

More troubling, Mohamed's deposition testimony, taken six months after the initial discovery requests, suggests that he did not even *try* to comply with his discovery obligations. When asked if he had searched his Gmail account for responsive documents, he replied, "Not that I remember, no. Not that I remember." Mot. at 8. And it appears that he had failed to search his phones either. *See* Mot. at 9–10 ("Q: Did you give any of your phones to [your lawyer] or anyone else to be searched. A: No. No one asked me."). Mohamed also admitted that he had not yet finished searching a "cabinet" full of documents that he kept in at his apartment. Mot. at 11 ("Q: Did you go through every file in the filing cabinet to look for documents? A: I'm working – yeah, I be working on it.").

4

Mohamed eventually supplemented his discovery responses, but his supplement was inadequate, too. Twenty-nine minutes before discovery closed, and four days after his extended deadline expired, Mohamed provided just five more pages of documents. *See* Constantino Decl. ¶¶ 13–14. But he still withheld documents that he testified he had during his deposition: a full travel itinerary, a notebook where he apparently took notes about phone calls with GW staff, and others. *See* Mot. at 12–16. Indeed, Mohamed testified that he had his original FMLA certification form (perhaps the most important document in this case), but then never produced it. *See id.* at 20.

**B.**

Because of this misconduct, GW asks for various sanctions. It requests costs and attorneys' fees for (1) its initial letter to Mohamed asking him to supplement, (2) the discovery teleconference, (3) a portion of Mohamed's deposition, and (4) briefing this sanctions motion. *See id.* at 21. Plus, it asks the Court to preclude Mohamed making various arguments because of his failure to provide key supporting evidence in discovery. *See* Mot. at 22–23. Those arguments include:

- That he needed to travel to Italy to take care of his father and that he did, in fact, take care of his father,
- That he stopped communicating with GW because a GW employee, Nia Phillips, had told him that GW was no longer his employer; and
- That he tried to find work after he was fired by GW.

Mohamed opposes these sanctions. *See generally* Opp'n, ECF No. 27. But rather than addressing GW's claims, Mohamed reverts to whataboutism. He simply complains that GW provided some discovery late and that it refused to make a witness available for a deposition. *See id.* at 2. The closest he gets to a substantive response about his own missing discovery is a

5

12

conclusory statement that he "complied with his discovery obligations and provided all responsive documents in his possession." *Id.* at 5.

Mohamed never explains why he flouted the Court's order to supplement by April 10. He just says that GW "did not supplement its own discovery until April 10." *Id.* at 3. How that makes it acceptable for *him* to disobey the Court's order to supplement by April 10, he does not say. Nor does Mohamed explain why he testified that he had certain documents, but then never turned them over. Plus, he never addresses his own testimony suggesting that he had not even *tried* to search his email or phones in response to the initial discovery requests.

Mohamed does make one substantive argument. But it gets him nowhere. He says that he should not be precluded from arguing about his conversation with GW employee Nia Phillips because GW "absolute[ly] refus[ed] to make [her] available for a deposition." *Id.* at 2. But Mohamed did not even seek her deposition until a few days before the originally scheduled close of discovery. *See* Reply at 5, ECF No. 30. GW then told Mohamed that Phillips was available on April 6, but not after that due to a scheduled vacation. *See id.* Mohamed's lawyer responded simply "Ok thanks." *See id*, Ex. 3. But when GW followed up a few days later to confirm, Mohamed's lawyer said that he was tied up other depositions and asked to schedule the deposition during Phillips's vacation. *See id.* GW refused. *See id.* at 6. This small dispute provides no cover for Mohamed's failure to produce his notebook allegedly detailing the conversation between him and Phillips, a notebook that he testified he had.

6

## C.

The Court finds that GW's requested sanctions are appropriate. Mohamed's misconduct warrants attorneys' fees and costs under both Rule 37(c)(1)(A) and the Court's inherent authority. Mohamed never explained how his failure to provide adequate discovery was either justified or harmless. Indeed, his deposition suggests that he did not even try to comply with his obligations, let alone promptly. Mohamed had a chance to clear the record and explain away his apparent misbehavior. But instead, he ignored nearly every single one of GW's arguments. He all but concedes them.

Mohamed's misconduct also warrants a sanction precluding him from making various arguments. As detailed above, on each point highlighted by GW, Mohamed failed to provide key discovery, even after the Court ordered that he supplement his discovery responses. *See* Fed. R. Civ. P. 37(b)(2) (allowing various sanctions when a party disobeys a discovery order). Fairness dictates that he should not be allowed to withhold evidence on one hand, while making claims involving that evidence on the other.

## IV.

Based on the above reasons, the law, and the parties' briefing, it is

**ORDERED** that Defendant's [20] Motion for Sanctions is **GRANTED**. And it is

**ORDERED** that Plaintiff shall pay GW's reasonable costs associated with (1) Defendant's initial letter to Mohamed asking him to supplement, (2) the discovery teleconference, (3) 25% of his deposition, and (4) Defendant's briefing of this sanctions motion. And it is

**ORDERED** that Plaintiff is precluded from making the following arguments: That he needed to travel to Italy to take care of his father and that he did, in fact, take care of his father;

7

that he stopped communicating with GW because a GW employee, Nia Phillips, had told him that GW was no longer his employer; and that he tried to find work after he was fired by GW.

   **SO ORDERED**.

Dated: September 15, 2023

2023.09.15 14:48:29 -04'00'

TREVOR N. McFADDEN, U.S.D.J.

8

15